HUNTER MARTIN, ADMINISTRATOR OF G. T. AUSTIN, v. A. GARLAND JONAS, EXECUTOR OF ADOLPH GUSTAV JONAS, DECEASED.

(Filed 4 November, 1936.)

**Receivers A a—**

The appointment of a receiver is a harsh remedy, and the applicant for receivership must clearly show his right to the relief, and that no other safe and expedient remedy is available.

APPEAL by defendant from *Warlick, J.,* 4 April, 1936. From CALD-WELL. Reversed.

The plaintiff, at November Term, 1935, recovered judgment against the defendant for $1,382, and interest from 18 February, 1929. The plaintiff makes a motion in that cause, 2/14/1936, on behalf of himself and all other creditors who may come in to have a receiver appointed. The prayer is as follows: "(1) That an order be entered appointing a receiver to take immediate charge of the estate of the said Adolph Gustav Jonas, with the end in view that the assets of the said estate may be protected and conserved to apply upon the indebtedness of the said estate. (2) That the receiver be authorized, directed, and empowered to take such steps as may be necessary to recover such assets as may have been sold, transferred, and conveyed in defraud of creditors. (3) For the costs of this motion. (4) For such other and further relief as the plaintiff may be entitled to in the premises."

The defendant answered the motion in the cause denying the material allegations: "That the motion does not state facts sufficient to constitute a cause of action for the appointment of a receiver. For that it appears upon the face of the motion that the court is without jurisdiction of the action, and the relief may be had only by an order of the clerk of the Superior Court of Caldwell County. Wherefore, this defendant, having

fully answered, prays the court: (a) That the demands of the plaintiff for the appointment of a permanent receiver in this cause be denied. (b) For such other and further relief as the facts may warrant, and to the court may seem just."

The court below appointed a receiver. The defendant excepted, assigned error, and appealed to the Supreme Court.

*Squires & Strickland for plaintiff.*
*Ervin & Butler, Polikoff & McLennan, and Vaughn & Graham for defendant.*

PER CURIAM. There are various contentions set forth in the briefs of the parties to this controversy, which we need not now consider. On the whole record, we do not think the facts justify the appointment of a receiver.

It is said in *Neighbors v. Evans, ante,* 550: "A receiver may be appointed where a party establishes an apparent right to property, and the person in possession is insolvent, and ordinarily a receiver will be appointed to take charge of the rents and profits during the pendency of the action. Plaintiff does not come within the above rule. The courts look with jealousy on the application for the appointment of a receiver. It is ordinarily a harsh remedy. The right to relief must be clearly shown, and also the fact that there is no other safe and expedient remedy. In some cases a bond is allowed the defendant instead of the appointment of a receiver. *Woodall v. Bank,* 201 N. C., 428."

For the reasons given, the judgment of the court below is
Reversed.